Per Curiam.
The action was to determine the right of the parties, under notices of lien, to money due under a contract made with the city.
As to most of the lienors there is a fundamental consideration which will dispose of the appeal as to them. It Avas found below, that the notices of lien filed by them were valid under section 1825 of chapter 410, laws of 1882, vol. 2. That section requires that a notice shall state the amount of the claim and from whom due. Whereas, the notices now in Anew stated in legal effect that the amount claimed was due by Rogers, the contractor with the city, under a contract made by Rogers through his agent, one Fortunato. The referee found that this was not in accordance with the facts which were, that Fortunato was not the agent of Rogers, and the contracts were made with Fortunato, who was a sub-contractor of Rogers. The notices were, therefore, not within the statute, and were not the foundations of liens. The judgment that was in favor of the plaintiff, and the defendants Smith & Brandell, and Curtis and Blaisdell, should be reversed, and a new trial ordered, with a single bill of costs to abide the event.
The notice of lien, filed by defendants Ritch, was objected to on the ground that the contract made Avith defendant Rogers was in reality made with a firm to which the defendants Ritch had succeeded, but the notice stated that it was made with the defendants. This matter was not open for litigation. The appellants, in their answer, “ affirmatively allege that they entered into a contract with said defendants Ritch to furnish stone as alleged in their complaint.” The objection to the notice should not be sustained.
• The facts connected with the claims of the Ritches cannot be examined because it does not appear that all the evidence is in the case that was settled.
*421 The judgment as to the respondents Bitch should be affirmed, with costs.
No ground has been claimed for reversing the judg- . ment in favor of Russo. It is, therefore, affirmed, with costs.